United States District Court
Southern District of Texas
**ENTERED**
October 07, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Devan Plummer | § | |
| | § | |
| | § | |
| *versus* | § | Civil Action 4:26−cv−08662 |
| | § | |
| Hartford Life And Accident Insurance Company, et al. | § | |
| | § | |

# ORDER FOR SCHEDULING CONFERENCE AND DISCLOSURE OF INTERESTED PARTIES

## 1. The Scheduling Conference

Counsel and *pro se* parties shall appear for a Scheduling Conference under Rule 16 of the Federal Rules of Civil Procedure at the following date and time:

**February 11, 2027, at 10:30 AM**
**before Magistrate Judge Peter Bray**
**via video conference https://www.zoomgov.com/join**
**Meeting ID: 161 297 7356**
**Passcode: 327375**

Prior to the deadline for filing the Joint Discovery/Case Management Plan (the "CMP") and the Proposed Scheduling and Docket Control Order (the "Proposed Scheduling Order"), *see* 4.a. *infra*, counsel and any unrepresented parties must meet to discuss the case and prepare the CMP and the Proposed Scheduling Order. The Court will discuss the results of the parties' meeting, the CMP, and the Scheduling Order at the Scheduling Conference.

Counsel with knowledge of the case and with authority to address and agree to substantive as well as scheduling matters must attend both the Rule 26(f) meeting and Scheduling Conference with the Court. Unrepresented parties must also attend.

## 2. Disclosure of Interested Parties

Counsel and all unrepresented parties must also file with the Clerk, at least 15 days before the Scheduling Conference, a certificate listing all persons, associations, firms, partnerships, corporations, affiliates, parent corporations, or other entities, including any unincorporated entities such as LLCs or LLPs, that are financially interested in the outcome of this litigation. Underline the name of each corporation whose securities are publicly traded. If new parties are added or if additional persons or entities financially interested in the outcome of the litigation are identified during this litigation, an amended certificate must be filed promptly with the Clerk. If an unincorporated entity is named as a party, the certificate must state the citizenship of every member of that entity.

## 3. Service

Within **90 days** of filing the complaint or removing this suit from state court, the plaintiff or plaintiffs filing this suit or the party removing it must serve the opposing party or parties with copies of (1) the summons, (2) the complaint, (3) this order, and (4) this Court's Procedures. Failure to file proof of service may result in dismissal by the Court on its own initiative. *See* Fed. R. Civ. P. 4(m).

## 4. The Parties' Rule 26(f) Meeting

The parties must discuss at the Rule 26(f) meeting and include in the CMP and Proposed Scheduling Order filed with the Court all the matters listed in Rule 26(f) that apply to the case. In general, the Court expects the parties to discuss, address in their CMP, and be prepared to review with the Court, the topics that are set out below.

a. The nature and basis of the parties' claims and defenses, and any threshold issues that need to be resolved, such as jurisdiction or limitations.

b. The parties' plan for discovery needed to obtain the information that is relevant, not privileged, and proportional to the needs of the case.

c. Whether there are issues or problems in the preservation, retrieval, review, disclosure, or production of discoverable information.

d. Whether there are issues specifically relating to the disclosure or discovery of electronically stored information, including:

    i. the form or forms in which it should be produced;

    ii. the topics and the period for which discovery will be sought;

    iii. the sources of information or systems within a party's control that should be searched;

    iv. issues relating to preserving, retrieving, reviewing, disclosing, or producing electronically stored information; and

    v. other topics listed below or in Rules 16 and 26(f).

## 5. The Joint Discovery/Case Management Plan (CMP) and the Proposed Scheduling Order

The Rule 26(f) meeting is expected to result in the parties completing the CMP and the Proposed Scheduling Order, using the forms that are Attachments 1 and 2 to this Order. These forms may be modified or adapted to the needs of the particular case.

The parties are to file with the Court only one CMP and one Proposed Scheduling Order. Both must be signed by counsel for all parties and by any unrepresented parties. Counsel for the plaintiff is responsible for filing the CMP and Proposed Scheduling Order. If the plaintiff is unrepresented, counsel for the represented parties have the responsibility for filing the CMP and Proposed Scheduling Order.

If the parties cannot agree on matters that must or should be addressed in the CMP or Proposed Scheduling Order, the disagreements must be set out clearly in the joint filing. The Court will discuss the disputes with counsel and attempt to resolve them at the Scheduling Conference.

**a.** Timing

The parties must file the CMP and the proposed Scheduling Order no later than 14 days before the Scheduling Conference is scheduled.

**b.** Contents

The parties must discuss and include the matters listed on the attached forms in their Rule 26(f) meeting, the CMP, and the Proposed Scheduling Order.

**6. Pre-Motion Conferences Required for Discovery and Other Pretrial Disputes**

The Court encourages the parties to make a serious attempt to resolve all discovery and scheduling disputes without intervention by the Court. This includes motions to compel, quash any discovery, or for protection. Lead counsel must personally confer on all discovery and scheduling disputes as a final attempt at resolution prior to involving the Court.

Do not bring a motion on discovery and scheduling disputes without permission. To obtain permission, the party seeking relief must submit a letter not exceeding two pages. Identify the nature of the dispute, outline the issues, and state the contested relief sought. Describe the conference between lead counsel and summarize the results. Send a copy to all counsel and unrepresented parties.

The opposing party should promptly submit a responsive letter of similar length identifying any disagreement. Do not submit a reply letter.

The foregoing letters should be sent by email to the Court's case manager, Avarelle Williams at **Avarelle_Williams@txs.uscourts.gov**.

The Court may dispose of the dispute on the letters, schedule a telephonic or video conference, or may refer the matter to the assigned Magistrate Judge.

When the dispute includes discovery of electronic data, each party must have available at any conference a person with detailed knowledge of the computers and electronic databases in issue. The Court may rely on accurate responses from those individuals when ordering relief as to that aspect of any dispute.

Motions for extension of discovery must be filed far enough in advance of the deadline to enable opposing counsel to respond before the deadline.

**7. Responsibilities of Counsel and *Pro Se* Parties**

Counsel's designated attorney-in-charge must appear at the Scheduling Conference. The Court permits substitution of counsel for this conference only on showing of good cause. File and seek ruling on any such motion well in advance of the conference.

Any counsel or *pro se* party who appears at the conference must be:

a. Fully familiar with the facts and the law applicable to the case, including having interviewed their witnesses;

b. Prepared to argue any pending motion and to discuss any anticipated motion;

c. Prepared to discuss potential alternative dispute resolution methods suited to the case; and

d. Authorized to bind the client on all matters discussed at the conference.

**8. Magistrate Judges**

In any case set for an initial conference before the Magistrate Judge, the Judge is granted authority, even when the case has not been entirely referred, in their discretion to:

a. Adjust the date of the conference as needed;

b. Adjust the scheduling and docket control order as needed;

c. Address and resolve and/or make recommendation upon any pending motion;

d. Undertake settlement conference upon joint request or agreement by the parties; and

e. Enforce all orders issued pursuant to their authority.

**9. Binding Effect and Failure to Comply**

The parties are bound by this Order, the papers mentioned above, and the dates set out in the Scheduling Order to be entered in this case.

Failure to comply with this Order may result in sanctions, including dismissal of the action and assessment of expenses.

It is SO ORDERED.

**ATTACHMENT 1**
**The Joint Discovery/Case Management Plan**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ______________________________, | § | |
| Plaintiff(s), | § | |
| | § | |
| v. | § | Civil No. ______________ |
| | § | |
| ______________________________, | § | |
| Defendant(s). | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

1. **Rule 26(f) Meeting**

State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended on behalf of each party.

2. **Jurisdiction**

a. Basis: Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.

b. Diversity: For jurisdiction based on diversity, identify any disagreement about the amount in controversy. If the case involves an unincorporated entity as a party (such as an LLC, LLP, or partnership), state the citizenship of every member or partner. Any such party must also attach to this filing an affidavit or declaration establishing the citizenship of every member.

3. **Case Background**

a. General Description: Briefly describe what this case is about. In addition, state the elements of each cause of action, defense, and counterclaim.

b. Related Cases: List all related cases pending in any other state or federal court. Identify the court and case number. Describe how it relates to this case.

c. Class Issues: Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify the basis for any opposition.

4. **Parties**

a. Unserved Parties: List any unserved parties. State a date certain by which that party will be served.

b. Additional Parties: List any anticipated additional parties. Identify the party seeking to add them, briefly explain why, and indicate a date by which to do so.

c. Interventions: List and briefly explain any anticipated interventions.

d. Interested Persons: Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons.

5. **Discovery**

a. Initial Disclosures: State whether each party has completed its Rule 26(a) initial disclosures. If not, specify the date by which each party will do so.

b. Phases: State whether the parties considered conducting discovery in phases.

c. Completed: Specify any discovery already underway or accomplished.

d. Limitations: Describe any requested change to limitations set by the Federal Rules of Civil Procedure as to interrogatories, depositions, or other matters.

e. Preservation: Describe any issues about preservation of discoverable information.

f. Disputes: Specify any discovery disputes.

6. **Orders**

a. Protective Order: State whether the parties will request a protective order. Describe any issues about confidentiality.

b. E-Discovery Order: State whether the parties will request an electronic discovery order. Describe any issues about disclosure or discovery of electronically stored information.

7. **Settlement**

Discuss the possibility for prompt, agreed resolution of the case at the Rule 26(f) meeting. State whether the parties are amenable to early mediation or other settlement attempt.

8. **Trial**

a. Magistrate Judge: Indicate the parties' joint position on referral of this case for all purposes, including trial, to a Magistrate Judge.

b. Jury Demand: Identify any party that has made a jury demand and whether it was timely.

c. Length of trial: Specify the total number of hours it will likely take to present the evidence at trial in this case.

9. **Other Matters**

List any other matter that needs to be addressed at the Scheduling Conference.

10. Proposed Scheduling Order: Complete and attach a joint proposed scheduling order. Use Form 4 on this Court's home page.[1] Clearly indicate any disagreements with reasons in support of the requests made.

Respectfully submitted,

____________________ ______________________________
Date [Plaintiff Signature Block]

____________________ ______________________________
Date [Defendant Signature Block]

[1] https://www.txs.uscourts.gov/Ganjei.

**ATTACHMENT 2**
**The Proposed Scheduling Order**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ________________________________, | § | |
| Plaintiff(s), | § | |
| | § | |
| v. | § | Civil No. ______________ |
| | § | |
| ________________________________, | § | |
| Defendant(s). | § | |

**SCHEDULING ORDER**

The disposition of this case will be controlled by the following schedule:

1. ______________________ **MOTIONS TO ADD NEW PARTIES**
The party causing the addition of a new party must provide copies of this Order and all previously entered Orders to the new party.

2. ______________________ **MOTIONS FOR LEAVE TO AMEND PLEADINGS**
Any party seeking leave to amend pleadings after this date must show good cause.

3. ______________________ **EXPERTS (Other than Attorney's Fees)**
The party with the burden of proof on an issue must designate expert witnesses in writing and provide the required report under Rule 26(a)(2).

______________________ The opposing party must designate expert witnesses in writing and provide the required report under Rule 26(a)(2).

4. ______________________ **COMPLETION OF DISCOVERY**
Discovery requests are not timely if the deadline for response under the Federal Rules of Civil Procedure falls after this date. Parties may continue discovery beyond the deadline by agreement.

5. ________________________ **PRETRIAL MOTIONS DEADLINE (Except for Motions *in Limine*)**

No motion may be filed after this date except for good cause. This includes motions to exclude experts.

6. ________________________ **MEDIATION OR SETTLEMENT CONFERENCE**

Mediation or other form of dispute resolution must be completed by this deadline.

7. ________________________ **JOINT PRETRIAL ORDER AND MOTION *IN LIMINE* DEADLINE**

The Joint Pretrial Order will contain the pretrial disclosures required by Rule 26(a)(3) of the Federal Rules of Civil Procedure. Use the forms provided on the Court's website:

https://www.txs.uscourts.gov/Ganjei

Plaintiff is responsible for timely filing the complete Joint Pretrial Order. Failure to do so may lead to dismissal or other sanction in accordance with the applicable rules. Exhibit lists, witness lists and proposed deposition excerpts may not be amended or supplemented after this date unless by agreement. Objections to any of these shall be filed no later than three business days after this date and responses to those objections shall be filed no later than six business days from this date. Boilerplate objections or responses will not be considered.

8. ________________________ **DOCKET CALL**

Docket Call will be held at 2:00 p.m. The Court will not consider documents filed within seven days of docket call. The Court may rule on pending motions at docket call and will set the case for trial as close to docket call as practicable.

9. Additional orders relating to disclosures, discovery, or pretrial motions:

________________________________________________________________________

________________________________________________________________________

Any party wishing to make a discovery or scheduling motion must obtain permission before the submission of motion papers. This includes any motion to compel, to quash, for protection, or for extension. Lead counsel must personally confer on all discovery and scheduling disputes as a final attempt at resolution prior to involving the Court. To obtain permission, the party seeking relief must submit a letter not exceeding two pages.

Identify the nature of the dispute, outline the issues, and state the contested relief sought. Describe the conference between lead counsel and summarize the results. Send a copy to all counsel and unrepresented parties. The opposing party should promptly submit a responsive letter of similar length identifying any disagreement. Do not submit a reply letter. The foregoing letters should be sent by email to the Court's case manager, Avarelle Williams at **Avarelle_Williams@txs.uscourts.gov**.

It is SO ORDERED.

Signed this _____ of ____________________, 20_____.

______________________________________
NICHOLAS J. GANJEI
UNITED STATES DISTRICT JUDGE